Commonwealth of Pennsylvania ex rel. School District of Pittsburgh, Appellant, *v.* Earl and Jane Rixey Ross, Appellees.

Argued May 9, 1974, before Judges KRAMER, MENCER and ROGERS, sitting as a panel of three.

*Ronald F. Talarico,* Assistant Solicitor, with him *Justin M. Johnson,* Solicitor, for appellant.

*Earl C. Ross, Jr.,* in propria persona.

OPINION BY JUDGE ROGERS, January 3, 1975:

The appellees, Earl Ross, Sr. and Jane Rixey Ross, his wife, were convicted by a district magistrate in summary proceedings of violating the compulsory school attendance law[1] by failing to send their two children to vocational training classes held at a school other than the one in which the children were enrolled. Their appeal was sustained by the Court of Common Pleas of Allegheny County. The School District of Pittsburgh has appealed the lower court's order.

On a day in June, 1972, the Ross children, sixth graders assigned to the Linden Elementary School of the School District of Pittsburgh, were, with classmates, transported by bus to the Arsenal Middle School to observe classes in vocational and technical training which they were scheduled to attend on a one-half day per week basis during the following school year. After the visit, one of the Ross children, Rosemary, reported to her parents that she was thrust against a corridor wall by Arsenal students running in the hallways. Earl Ross, Jr. complained of having been cut on the elbow with scissors by another boy. Both Earl, Jr. and Earl, Sr. reported the former's experience at Arsenal to the principal of the Linden Elementary School in June, 1972, and both testified below to their impression that the principal did not consider the incident to be worth much concern.

In September, 1972, Earl, Jr. and Rosemary enrolled as seventh graders at Linden. Mr. Ross wrote to the principal of Linden as follows:

---

1. Act of March 10, 1949, P.L. 30, §1333, *as amended,* 24 P.S. §13-1333 (Supp. 1974-1975).

"Dear Miss Sumpter:

I am writing to inform you of my wishes concerning the program offered at Arsenal School. I do not permit my son, Earl Ross, and my daughter, Rosemary Rixey, to attend this school. They are both in the seventh grade. I know my son explained of his unpleasant experience when he visited the school last year. He also told me that you told him the conditions would be better this year. The fact is I do not want them bussed out of this school area. If Linden School cannot provide this program, then they will not be able to participate. They should be provided at the school which the child attends.

Sincerely,
Earl Ross"

Mr. and Mrs. Ross thereafter removed their children from school during the afternoon each week on which they were scheduled to be bussed to Arsenal.

In November, 1972, the home and school visitor of the Pittsburgh School District filed a complaint with a district magistrate charging Mr. and Mrs. Ross with violating Section 1333 of the Public School Code. Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §13-1333 (Supp. 1974-1975). Upon a guilty finding, the magistrate imposed a fine of $2.00 and costs.

The court below correctly held that the events of June, 1972, were not such threats to the health and safety of the Ross children as to justify the action of their parents in withholding them from school on the afternoons when classes were scheduled at the Arsenal School. *See Zebra v. Pittsburgh School District*, 449 Pa. 432, 438, 296 A.2d 748 (1972). It held, however, that the Public School Code, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §1-101 et seq. requires parents to send their children to only such classes as the Code and the State Board of Education mandate and that neither Code nor Board had prescribed vocational and technical training.

The relevant provisions of the Public School Code are: Section 1333, 24 P.S. §13-1333 (Supp. 1974-1975)

"Every parent . . . having control or charge of any child or children of compulsory school age, who shall fail to comply with the provisions of this act regarding compulsory attendance, shall on summary conviction thereof, be sentenced to pay a fine . . ., together with costs. . . ."

Section 1327, 24 P.S. §13-1327 (Supp. 1974-1975)

"Every child of compulsory school age having a legal residence in this Commonwealth . . . is required to attend a day school in which the subjects and activities prescribed by the standards of the State Board of Education are taught in the English language. . . . *Every parent, guardian, or other person having control or charge of any child or children of compulsory school age is required to send such child or children to a day school in which the subjects and activities prescribed by the standards of the State Board of Education are taught in the English language.* . . . Such child or children shall attend such school continuously through the entre (sic) term, during which the public schools in their respective districts shall be in session. . . ." (Emphasis supplied.)

Section 1511, 24 P.S. §15-1511 (Supp. 1974-1975)

"In every elementary public and private school established and maintained in this Commonwealth, the following subjects shall be taught, in the English language and from English texts: English, including spelling, reading and writing, arithmetic, geography, the history of the United States and of Pennsylvania, civics, including loyalty to the State and National Government, safety education, and the humane treatment of birds and animals, health, including physical education, and physiology, music and art. Other subjects shall be taught in the public elementary schools

. . . as may be prescribed by the standards of the State Board of Education. . . ."

The lower court noted that occupational, vocational and technical training was not included among the subjects required to be taught by Section 1511 and that the district offered no proof that such training was prescribed by the State Board of Education. Therefore, it reasoned, the Rosses had not refused to send their children to a "day school in which the subjects and activities prescribed by the standards of the State Board of Education are taught" as required by Section 1327. This was error.

First, the lower court's holding overlooked a regulation of the State Board of Education requiring seventh graders to be given occupational and vocational training.[2] The following appears at 22 Pa. Code §5.73:

"The junior high school curriculum shall include, as a minimum, the following planned courses:

"(6) Industrial arts or homemaking. One planned course of both, taught in either grade seven or grade eight or the equivalent divided between grades seven and eight. Industrial arts and homemaking shall be required in grade nine."

Among the subjects offered at Arsenal were cooking, sewing, wood and metal shop.

Viewing the case broadly, while school districts must provide for the security of students, Section 1327 does

---

2. Apparently neither the parties nor the court below examined the published regulations of the State Board of Education. Departmental and agency regulations, duly promulgated, have the force of law. Since the inception of the publication of the Pennsylvania Code, pursuant to the Commonwealth Documents Law, Act of July 31, 1968, P.L. 769, 45 P.S. §1101, these regulations are readily accessible to the bench and the bar. Hopefully, the Pennsylvania Code will become as familiar to and as routinely consulted by the profession as the pamphlet laws, Purdon's Supplement, and eventually the Pennsylvania Statutes now in preparation.

not authorize parents to withdraw their children from classes and activities except where the children's health and safety are positively and immediately threatened. Section 1327 requires attendance at school, not at classes in subjects enumerated by the Legislature or the State Board of Education. The mention in Sections 1327 and 1511 of required courses is merely descriptive of the subjects which the school must offer to qualify as one whose patronage will fulfill the parents' obligation under the Act.

Order reversed; judgment of sentence reinstated.